UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| WILLIE P. SEMIEN | § | CIVIL ACTION |
|     Plaintiff | § | |
| | § | |
| VS. | § | NO. 1:23-CV-00407 |
| | § | |
| WALMART STORES TEXAS, L.L.C. | § | |
|     Defendant | § | JURY |

## ORIGINAL ANSWER OF DEFENDANT, WALMART STORES TEXAS, LLC

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW WALMART STORES TEXAS, LLC, Defendant in the above cause, and files its Original Answer to Plaintiff's Original Petition, and would respectfully show the Court as follows:

I.

1.  In response to the allegations contained in Paragraph 1 of Plaintiff's Original Petition, Defendant denies that discovery should be governed by Level 3 of the Texas Rules of Civil Procedure. Discovery should be conducted under the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Texas.

2.  In response to the allegations contained in Paragraph 2 of Plaintiff's Original Petition, Defendant admits that Plaintiff alleges claims arising under common law of Texas. Defendant denies that the state court has jurisdiction. Jurisdiction lies with the federal court. Defendant states that venue is proper in the United States Eastern District Court of Texas, Beaumont Division, since the alleged incident that is subject to this lawsuit allegedly arose in Jefferson County, Texas. Defendant denies the remainder of the allegations contained in Paragraph 2 of Plaintiff's Original Petition, both individually and in the aggregate.

3. In response to the allegations contained in Paragraph 3 of Plaintiff's Original Petition, Defendant admits that Plaintiff seeks monetary relief of over $1,000,0000, excluding interest, penalties, expenses, attorney's fees and costs.  Defendant admits that Plaintiff has alleged damages that exceed the minimal jurisdictional limits of the federal court.  Defendant denies the remainder of the allegations contained in Paragraph 3 of Plaintiff's Original Petition, both individually and in the aggregate.

4. In response to the allegations contained in Paragraph 4 of Plaintiff's Original Petition, Defendant admits that Plaintiff is a resident and citizen of Jefferson County, Texas.

5. In response to the allegations contained in Paragraph 5 of Plaintiff's Original Petition, Defendant denies that it is a Texas entity. Defendant admits that it is a Delaware corporation engaged in business for profit in the State of Texas at Walmart Store #449, located at 4999 Twin City Highway in Port Arthur, Jefferson County, Texas, and may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6. In response to the allegations contained in Paragraph 6 of Plaintiff's Original Petition, Defendant admits that Plaintiff contends she received personal injuries on or about November 11, 2023, and was an invitee at the Walmart at 4999 Twin City Highway, Port Arthur, Jefferson County, Texas. Defendant denies Plaintiff was injured and denies the remainder of the allegations contained in Paragraph 6 of Plaintiff's Original Petition, both individually and in the aggregate.

7.  In response to the allegations contained in Paragraph 7 of Plaintiff's Original Petition, Defendant admits that if Plaintiff was at the store to shop, then Plaintiff was an invitee of the Defendant. Defendant denies the there was an unreasonably dangerous condition and

denies the remainder of the allegations contained in Paragraph 7 of Plaintiff's Original Petition, both individually and in the aggregate.

8. In response to the allegations contained in Paragraph 8 of Plaintiff's Original Petition, Defendant denies that it owned the premises. Defendant denies that it had control over and occupied the entire premises and denies that occupied or had control over the portion of the premises where Plaintiff allegedly fell immediately before, during, or after, the incident. Defendant admits that it had a duty to warn of or make reasonably safe an unreasonably dangerous condition which Defendant knew or should have known existed. Defendant denies the remainder of the allegations contained in Paragraph 8 of Plaintiff's Original Petition, both individually and in the aggregate.

9. In response to the allegations contained in Paragraph 9, including but not limited to Sections a. through e., of Plaintiff's Original Petition, Defendant denies same both individually and in the aggregate.

10. In response to the allegations contained in Paragraph 10 of Plaintiff's Original Petition, Defendant denies same both individually and in the aggregate.

11. In response to the allegations contained in Paragraph 11 of Plaintiff's Original Petition, Defendant denies same both individually and in the aggregate.

12. In response to the allegations contained in Paragraph 12 of Plaintiff's Original Petition, Defendant denies same both individually and in the aggregate.

13. In response to the allegations contained in Paragraph 13, including but not limited to Sections a. through e., of Plaintiff's Original Petition, Defendant denies same both individually and in the aggregate.

14. In response to the allegations contained in Paragraph 14 of Plaintiff's Original Petition, Defendant denies same both individually and in the aggregate.

15. In response to the allegations contained in Paragraph 15 of Plaintiff's Original Petition, Defendant denies that Texas Rule of Civil Procedure 194 applies. This case is governed by the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Texas. Defendant denies the remainder of the allegations contained in Paragraph 15 of Plaintiff's Original Petition, both individually and in the aggregate.

16. In response to the allegations contained in Paragraph 16 of Plaintiff's Original Petition, Defendant denies that Texas Rule of Civil Procedure 193.7 applies. This case is governed by the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Texas. Defendant denies the remainder of the allegations contained in Paragraph 16 of Plaintiff's Original Petition, both individually and in the aggregate.

17. In response to the allegations contained in the Prayer of Plaintiff's Original Petition, Defendant admits that Plaintiff seeks the relief prayed for; however, Defendant denies that Plaintiff is entitled to recover same.

II.

**AFFIRMATIVE DEFENSES**

18. Further answering herein, Defendant avers that Plaintiff was negligent in certain acts and omissions, including the following:

   a. Failure to keep a proper lookout on the occasion in question;

   b. Failure to take proper evasive action;

   c. Failure to walk or step more carefully; and,

   d. Failure to use ordinary care for her safety.

Each negligent act and omission by Plaintiff, individually or in combination, was the proximate cause, or alternatively, a proximate cause of the occurrence.

19. Further answering herein, Defendant says that Plaintiff's recovery, if any, should be barred or otherwise reduced pursuant to the comparative responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code.

20. Further answering herein and in the alternative, Defendant alleges that the incident made the basis of this lawsuit was an unavoidable accident.

21. Further answering herein, and in the alternative, Defendant denies that any condition from which Plaintiff is suffering, if any, is the result, directly or indirectly, of the occurrence alleged in Plaintiff's Petition. Defendant says that if Plaintiff is suffering from any injury, illness, disease, or condition claimed by Plaintiff, then same is the result, in whole or in part, of some prior or subsequent accident, injury, illness, disease, physical defect, or bodily condition, for which the Defendant is not in any way responsible.

22. Further answering herein and in the alternative, Defendant states that Plaintiff failed to act as a person of ordinary prudence would have acted under the same or similar circumstances in caring for and treating her alleged injuries and/or limiting and/or failing to mitigate her alleged damages, if any, that resulted from the occurrence in question.

23. Further answering herein, Defendant states that pursuant to Section 41.0105 of the Texas Civil Practice and Remedies Code, Defendant is entitled to an offset/credit for any medical or health care expenses that have not actually been paid or incurred by or on behalf of the Plaintiff.

24. Further answering herein, and in the alternative, Defendants state that pursuant to Section 18.091 of the Texas Civil Practice and Remedies Code, the maximum amount Plaintiff

may recover with regard to alleged lost earnings/earning capacity, if any, is limited to his net loss, if any, after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

III.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by reason of this suit herein, and that Defendant go hence without day and recovers its costs.

Respectfully submitted,

MEHAFFY WEBER, P.C.

/s/ Karen L. Spivey
KAREN L. SPIVEY
KarenSpivey@mehaffyweber.com
Federal Id. No.11680
Texas Bar No. 18955100
ATTORNEY IN CHARGE FOR DEFENDANT,
WALMART STORES TEXAS, LLC
GORDON R. PATE
GordonPate@mehaffyweber.com
Federal Id. No. 9811
Texas Bar No. 15563000
WILLIAM F. THORNE
State Bar No. 24102569
Federal Id. No. 3144430
WilliamThorne@mehaffyweber.com
P.O. Box 16
Beaumont, TX 77704-0016
2615 Calder Avenue, Suite 800
Beaumont, TX 77702
Ph:   409-835-5011
Fx:   409-835-5177

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of November, 2023, a true and correct copy of the foregoing instrument was served upon Plaintiff's counsel in accordance with the Federal Rules of Civil Procedure by certified mail, return receipt requested, at the addressed as follows:

Kendrick E. Bradley
K.E. BRADLEY & ASSOCIATES, PLLC
7070 Knights Ct., Suite 601
Missouri City, TX 77459
kendrick@kebradleylaw.com
Ph: 832-440-0585
Fx: 832-201-8998

/s/ Karen L. Spivey
KAREN L. SPIVEY